No. 37,168

ALBERT MARCUS, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(197 P. 2d 943)

Opinion filed October 9, 1948.

*William C. Karnazes,* of Kansas City, argued the cause, and was on the briefs for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

HARVEY, C. J.: This is a proceeding in habeas corpus by an inmate of our state penitentiary. He was charged, tried by a jury and found guilty of murder in the first degree. The jury recommended that his punishment should be confinement for life in the state penitentiary. His motion for a new trial was overruled and he was duly sentenced to life imprisonment on February 11, 1943. He seeks his release from imprisonment upon two grounds: *First,* that he was prosecuted upon an information filed by the county attorney instead of an indictment returned by the grand jury. This point has no merit. (See *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.) *Second,* he contends that he was improperly represented by counsel at his trial. Upon this point we treat all the allegations of fact contained in his verified petition and in his verified statement of facts subsequently filed as his deposition. Respondent has filed the deposition of his trial attorney and of the district judge. In order that this matter might be fairly heard this court appointed William C. Karnazes of Kansas City, a capable member of the bar of this court, as his attorney, who consulted with the petitioner, prepared a brief and argued the matter on his behalf. The record before us discloses that on or about the 21st day of September, 1942, the petitioner was arrested, charged with the murder of George Altop;

that he was taken before the judge of the city court, sitting as a magistrate, and a date fixed for his preliminary hearing; that he promptly employed as his attorney Paul L. Thomas, who had been actively engaged in the practice of law since his admission to the bar in June, 1936. The attorney represented him at the preliminary examination, which was held on October 27, and employed a court reporter, who took the testimony at that hearing. As a result of the hearing the magistrate found the crime charged to have been committed and had probable cause to believe that it was committed by defendant. He was bound over to the district court for trial and his bond fixed at $5,000. His attorney went into district court and moved that the bond be reduced to $3,000, which motion was sustained and the bond given. On December 3, 1942, the county attorney filed an information in the district court duly charging defendant with murder in the first degree. The case came on for trial on January 11, 1943, with the result as above stated.

The petitioner charges that his attorney did not talk with him or prepare his defense before the trial. This is flatly denied by his attorney, who states that he conferred with defendant several times before the preliminary examination and with both the defendant and his wife repeatedly after the preliminary examination and before the trial; that he personally interviewed witnesses and made every possible preparation for the trial. The petitioner complains that the attorney did not object to his going to trial upon an information filed by the county attorney and without his being indicted by a grand jury. If so, that is to his credit, for no reputable, well-informed attorney would have made such an objection in view of the fact that this court, on at least five occasions, has held that prosecution by an information was proper. The cases are set out in the opinion in the Bailey case, *supra*. He complains that the attorney allowed the trial court to instruct the jury on murder in the first degree and nothing else. This statement is inaccurate. This court has been supplied with a copy of the instructions, which disclose that the court instructed the jury on first-degree murder, second-degree murder, manslaughter in the third degree, manslaughter in the fourth degree, also on justifiable homicide and on excusable homicide, and upon acquittal. Appropriate forms of verdict were submitted to the jury. He complains that the attorney allowed the trial court to instruct the jury that there was no doubt in the judge's mind that the defendant was guilty or he would have

taken the witness stand in his own behalf. The statement is inaccurate. On this point the court instructed the jury as follows:

"Under the laws of the State of Kansas, the defendant is made a competent witness to testify in his own behalf and he may do so if he chooses. If he does not choose so to do, he may refuse to testify. As before stated herein, the burden of proving him guilty as charged rests upon the state to prove by evidence beyond a reasonable doubt, and the defendant has a right to stand upon this presumption of innocence, until the evidence of the state proves otherwise. You are not to presume that he is guilty because he does not testify, since such is his right, and you must not allow this fact to create any prejudice against him."

This instruction is in harmony with our statute (G. S. 1935, 62-1420). It is an instruction given in all jury trials in criminal cases where the defendant does not take the witness stand, and is regarded as favorable to the defendant inasmuch as the jury is told not to allow the fact that he did not testify to be considered against him.

The petitioner further contends that his attorney let the court set aside the record of his preliminary hearing and keep that evidence from the jury; that he allowed the prosecutor to take evidence over the telephone and then present it to the jury; that he allowed pictures to be given to the jury as evidence which were false and fictitious, and would not explain the true facts about the pictures afterwards, and that he did not allow defendant to call material witnesses to explain the truth of the matters to the jury. All of these matters are flatly denied by the affidavit of his attorney. In any event, they are trial errors which could be raised only by appeal.

Having carefully examined the evidence the court finds that none of the charges made by the petitioner against the trial judge or his attorney is sustained by the evidence. The record before us indicates that the defendant had a fair trial; that the attorney zealously represented him throughout, and that the petitioner made no complaint of not being properly represented at any time until he filed this proceeding.

The writ prayed for is denied.